## IRWIN & LEIGHTON v. UNITED STATES.
### No. 45087.

Court of Claims.
June 3, 1946.

Prentice E. Edrington, of Washington, D. C., for plaintiff.

S. R. Gamer, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen., for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

Plaintiff and defendant have each filed a motion for a new trial.

One phase of defendant's motion we are unable to escape.

A part of the work was done by the subcontractor, Cullen, Inc. Two items of recovery sought were based on work done by Cullen. One was for damages for delay attributable to defendant, the other for extra pipe work which the subcontractor performed as a result of a change made by defendant's architect in the plans and specifications. We denied recovery on the latter item because we found that a fraud had been attempted against the defendant in connection with it.

The defendant insists the finding of fraud in connection with the pipe fittings precludes recovery on the other item since they both arise out of the same contract, and in the circumstances of this case are necessarily one claim.

The authorities support this contention. Globe Indemnity Co. v. United States, 84 Ct.Cl. 587, 593; New York Market Gardeners Ass'n v. United States, 43 Ct.Cl. 114, 136.

The two items are closely linked. In fact, a part of the delay arose from this extra work.

The defendant's motion for a new trial is granted in part; the item of $1,140.75 is eliminated, the former findings of fact, conclusion of law and opinion are vacated and withdrawn, and new findings of fact, conclusion of law entering judgment for plaintiff in the sum of $12,915.66, and opinion are now filed.

Plaintiff's motion for a new trial is overruled.

It is so ordered.

WHALEY, Chief Justice, and WHITAKER, and LITTLETON, Judges, concur.

MADDEN, Judge, took no part in the decision of this case.